Per Curiam.
 

 Plaintiff appealed by leave granted from an order of the Worker’s Compensation Appellate Commission (wcac) modifying the magistrate’s award to reflect a weekly benefit rate of zero. In
 
 George v Burlington Coat Factory Warehouse of Southfield,
 
 unpublished opinion per curiam of the Court of Appeals, issued March 21, 2000 (Docket No. 212968), we reversed in part, vacated in part, and
 
 *85
 
 remanded for further proceedings. In lieu of granting defendants’ application for leave to appeal, our Supreme Court remanded this matter back to us for reconsideration in light of
 
 Mudel v Great Atlantic & Pacific Tea Co,
 
 462 Mich 691; 614 NW2d 607 (2000).
 
 George v Burlington Coat Factory Warehouse of Southfield,
 
 463 Mich 980 (2001). On reconsideration, we conclude that the wcac’s findings of fact were supported by evidence of record and are, therefore, conclusive. Accordingly, we vacate our previous opinion and affirm the holding of the WCAC.
 

 In light of the protracted history of this case, we need not provide a lengthy recitation of the facts. In summary, plaintiff was injured in 1992 during the course of his employment with defendant Burlington Coat Factory Warehouse of Southfield. After unsuccessfully attempting to return to work for Burlington, in 1994, plaintiff began working for three temporary-employment companies. Plaintiff also operated a sole proprietorship dedicated to selling insurance.
 

 When plaintiff applied for worker’s compensation benefits, the magistrate found plaintiff partially disabled and that he both could and had performed sedentary work. The magistrate also found that plaintiff failed to prove that he left the temporary-employment positions because of his work-related injury. Thereafter, the magistrate determined that plaintiff was entitled to about $23 a week in benefits, based on the difference between plaintiff’s earnings from Burlington and the amount he earned while employed at the temporary-employment companies.
 

 On administrative appeal, the WCAC affirmed the magistrate’s finding that plaintiff retained a postinjury wage-earning capacity. However, the WCAC further
 
 *86
 
 found that the magistrate should have also taken into account plaintiff’s earnings from his insurance business. After combining the average weekly wages plaintiff earned from both employments, the resulting average weekly wage exceeded plaintiff’s average weekly wage earned from Burlington. Accordingly, the WCAC held that, as a matter of law, plaintiff was not entitled to weekly benefits and modified the magistrate’s decision to reflect a weekly benefit rate of zero. Thereafter, following this Court’s directive,
 
 [1]
 
 the wcac reconsidered its decision and held that plaintiff failed to prove a compensable disability because he failed to establish a causal link between his injury and his wage loss.
 

 On appeal, plaintiff primarily argues that the wcac erred in finding that plaintiff failed to establish a compensable disability and in modifying the magistrate’s decision, reducing his award of benefits to zero. We disagree. Our review of the wcac’s findings of fact is extremely deferential and such findings of fact are conclusive, in the absence of fraud, if there is any competent evidence to support them and the wcac did not misapprehend its administrative appellate role.
 
 Mudel, supra
 
 at 701-704, quoting
 
 Holden v Ford Motor Co,
 
 439 Mich 257, 263; 484 NW2d 227 (1992).
 

 An employee is entitled to worker’s compensation benefits if he proves that he sustained a work-related disability that resulted in actual wage loss.
 
 Haske v Transport Leasing, Inc, Indiana,
 
 455 Mich 628, 634; 566 NW2d 896 (1997). An employee is considered “disabled” when “he can no longer perform a job suit
 
 *87
 
 able to his qualifications and training as a result of his injury.”
 
 Id.
 
 at 655. An employee is “partially disabled” when “he is unable to perform a single [i.e., at least one] position within his qualifications and training.”
 
 Id.
 
 However, an employee’s disability is compensable only when he proves wage loss by showing a reduction in his wage-earning capacity.
 
 Id.
 
 at 665. A reduction in wage-earning capacity is demonstrated when the employee establishes, to the factfinder’s satisfaction, a causal link between the work-related disability and the subsequent loss in actual wages, i.e., that the wage loss is attributable to the injury.
 
 Id.
 
 at 634, 662.
 

 In this case, the record evidence included that (1) plaintiff was rendered partially disabled by his work-related injury, (2) plaintiff was subsequently employed at three temporary-employment companies, (3) plaintiff did not leave his temporary positions because of his work-related disability, (4) plaintiff operated a life insurance business, and (5) plaintiff’s average weekly wage exceeded the average weekly wage he earned while working for Burlington. We conclude that there is evidence to support the wcac’s finding that plaintiff failed to establish a compensable disability.
 

 It is the employee’s burden to prove a causal link between wage loss and the work-related injury.
 
 Id.
 
 at 662;
 
 Sobotka v Chrysler Corp (After Remand),
 
 447 Mich 1, 25; 523 NW2d 454 (1994). “The factfinder is free to accept or reject evidence of actual wages earned, avoided, or refused, or other factors affecting an employee’s actual as opposed to theoretical, employability.”
 
 McKissack v Comprehensive Health Services of Detroit, 447
 
 Mich 57, 71; 523 NW2d 444
 
 *88
 
 (1994). Here, although the wcac found that plaintiff was partially disabled because of a work-related injury, it concluded that any subsequently lost wages were not attributable to the injury. Because this finding is supported by evidence, including that plaintiff chose to work for temporary-employment companies and did not leave these positions because of his work-related injury, the wcac’s finding is conclusive and binding on this Court. See
 
 Mudel, supra
 
 at 703-704. Accordingly, we conclude that the wcac acted within its authority and we affirm its holding. Our resolution of this dispositive issue obviates the need to consider the issue regarding computation of a weekly benefit rate.
 

 Affirmed.
 

 [1]
 

 George v Burlington Coat Factory Warehouse of Southfield,
 
 unpublished order of the Court of Appeals, entered February 25, 1998 (Docket No. 204629).